UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FREDY CACERES, | : |
| Petitioner, | : Civ. No. 16-5046 (KM) |
| v. | : |
| CHARLES GREEN, | : OPINION |
| Respondent. | : |

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

The petitioner, Fredy Caceres, was an immigration detainee at the time he filed his *pro se* habeas petition pursuant to 28 U.S.C. § 2241. The petition challenges Mr. Caceres' immigration detention. For the following reasons, the habeas petition will be denied as moot.

### II. BACKGROUND

Mr. Caceres is a native and citizen of Honduras. He entered the United States in 2006. He was placed in immigration detention on January 15, 2016 after receiving a criminal sentence.

Mr. Caceres filed this habeas petition in August, 2016. He seeks his immediate release from immigration detention.

On October 5, 2016, this Court received a response to the habeas petition from respondent. Respondent states that this Court should deny the habeas petition as moot because an Immigration Judge ("IJ") granted Mr. Caceres release from custody on bond of $5,000 on September 20, 2016. Furthermore, respondent notes that Mr. Caceres was released from immigration custody on bond on September 30, 2016. Respondent attaches to its response

documentation supporting these facts. Mr. Caceres did not file a reply to support his habeas petition.

### III.  DISCUSSION

Mr. Caceres seeks his release from immigration detention based upon the amount of time he has already been detained. The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal, or during the "pre-removal" period. Detention of an alien before an order of removal has been entered is governed by Section 1226 of Title 8 of the United States Code, which permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States. There can come a point when the period of pre-removal detention is excessive, and may be challenged on that basis. *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011). In *Chavez–Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015) the Third Circuit gave strong indications that after six months of detention, and certainly within a year, the burden to the petitioner's liberties may outweigh the government's interest in detaining the petitioner without a further bond hearing. In the pre-removal context under *Diop* and *Chavez-Alvarez*, the proper relief is to order a bond hearing before the Immigration Judge, not to order the petitioner released from immigration detention. *See Morrison v. Elwood*, No. 12-4649, 2013 WL 323340, at *1 (D.N.J. Jan. 28, 2013) ("This Court's power to entertain habeas applications ensues from the narrowly-tailored mandate of 28 U.S.C. § 2241, which – with respect to the claims raised by pre-removal order alien detainee's – allows relief limited to a directive of a bond hearing.") (citing *Diop*, 656 F.3d 221).

I agree with respondent that the habeas petition should be denied as moot. An IJ has granted Mr. Caceres release on bond and Mr. Caceres has subsequently been released from

immigration detention on bond. Accordingly, the habeas petition is now moot because Mr. Caceres "has achieved the result he sought in his habeas petition and his change in circumstances has 'forestalled any occasion for meaningful relief.'" *Nunes v. Decker*, 480 Fed.Appx. 173, 175 (3d Cir. 2012) (quoting *Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)) (other citations omitted).

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied as moot. An appropriate order will be entered.

DATED: December 9 , 2016

_____
KEVIN MCNULTY
United States District Judge